In the Matter of the Marriage of

## McMAHAN,
*Appellant,*

*and*

## McMAHAN,
*Respondent.*

(71-2519; CA A26236)

671 P2d 736

Therese Engelmann, Eugene, argued the cause and filed the brief for appellant.

Jack A. Gardner, Eugene, argued the cause for respondent. With him on the brief were Jeffrey E. Potter, and Lombard, Gardner, Honsowetz, Brewer & Schons, Eugene.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this modification proceeding, wife appeals an order requiring her to enter into annual agreements with her former husband so that part of the proceeds of a policy of life insurance on husband's life acquired by wife after the divorce may be transferred to husband's heirs on his death.

The parties were divorced in 1972. As part of the decree, husband was required to pay wife $800 per month permanent spousal support and was required by the decree

"* * * to insure his life in Petitioner's favor, so long as alimony remains payable to her, in a sum at least equal to the value of the remaining alimony payments to be made to her at any time based upon Petitioner's life expectancy; however, Respondent is not required to maintain such life insurance in excess of $100,000, and further his obligation to maintain such insurance shall terminate when Petitioner has reached the age of 65 years."

Pursuant to the decree, husband purchased a $100,000 policy on his life and retained ownership in himself. After the dissolution, husband dealt directly with wife's attorney in completing the paperwork necessary to implement the decree. On one or more of the times they met, wife's attorney advised husband that if wife were the owner of the policy, the premium payments would be tax deductible to him and that, in the event of his death, the payment to wife under the policy would not be taxable to wife. Shortly thereafter, husband assigned ownership of the policy to wife.

In October, 1980, husband learned he was suffering from cancer of the lymph nodes. In March, 1982, on husband's motion, the trial court modified the decree, reducing spousal support after finding that there was a substantial change of circumstances and that wife had failed to use reasonable efforts, consistent with her ability, to become self-supporting. On July 20, 1982, husband filed a second motion to modify the decree to require wife to reassign the policy to him, stating that, as a result of his medical condition, he had become uninsurable. At the hearing, there was evidence that the value of the policy exceeded the amounts owing to wife for spousal support based on her life expectancy. Husband testified that neither his medical nor financial circumstances had changed since the last motion to modify the decree. As a result, the trial

court did not purport to modify the decree but instead undertook to construe the word "value" in the original decree to mean the total amount of unpaid alimony remaining to be paid under the modified decree until wife reached age 65. The trial court also held that the assignment of the policy to wife was required under the decree and declined to retransfer ownership of the policy to husband, but it required wife to execute annual stipulations reducing the amount payable to wife to the amount of alimony remaining to be paid under the decree, with the balance of the policy proceeds subject to husband's testamentary disposition.

The dispositive question on appeal is whether the trial court had authority to require wife to make annual adjustments in the amount payable to her under the policy.

Although in the trial court husband's motion was to modify the decree, on appeal he argues that no finding of change of circumstances is necessary, because the trial court did not purport to modify the decree but only to construe it. The trial court construed the decree as follows:

"1.   That the word: 'value' as used in * * * the Decree does not mean 'present value' but means the total amount of the unpaid alimony payments remaining to be paid under the Decree, as modified, to Petitioner's age 65.

"2.   That Respondent did not make a gift to Petitioner when the ownership of the insurance policy in question was transferred from Respondent to Petitioner in 1972, but his transfer of the ownership to her was in compliance with his obligations to her under * * * the Decree.

"3.   That if Respondent should die Petitioner is entitled to receive only the remaining value of the alimony payments that would be made to her to her age 65 from the insurance policy in question.

"4.   That annually, until Petitioner reaches the age of 65, Petitioner shall be required to consent to an adjustment, in writing, of the amount she is entitled to receive under said insurance policy, and if she remains the owner of said policy any overplus beyond said amount calculated to be the remaining payments, would be payable as [Respondent] would direct by his will, other valid instrument, or Oregon law in intestate estates."

■■   We review *de novo* and are not bound by the trial court's findings of fact or conclusions of law. Under the decree, husband was required to purchase and maintain a policy having at least a value equal to the spousal support owing until wife reached age 65. We have no quarrel with the trial court's construction of the term "value" in the decree. Contrary to the trial court's conclusion, however, nothing in the decree required husband to transfer ownership to wife. Husband's own testimony was that he was originally the owner of the policy and that the transfer was made to secure a tax benefit. (Presumably there would be a concomitant tax liability to wife.) He does not argue that he did not receive a tax benefit, nor does he contend that wife's attorney acted improperly in advising him that he would. Whether the transaction between husband and wife was a completed gift or a fully executed contract, as a result of the assignment wife, as owner of the policy, became entitled to its proceeds on husband's death. Husband lost the power to effect the distribution of the proceeds of the policy, which he could have done had he remained the owner.

We conclude that the transfer of the policy to wife was not made under compulsion of the decree and that the trial court was without authority under ORS 107.135(1)(a) or its general equity powers to affect the rights that wife acquired in a voluntary transfer of property to her by her former spouse.

Reversed. Costs to appellant.